IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br><br> DAVE'S SUPERMARKETS, INC., <br><br><br><br><br><br> Defendant. | CIVIL ACTION NO. <br><br><br><br><br><br> **COMPLAINT AND** <br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. §2000e, et seq), ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female, and to make whole Regina Billups and a class of similarly-situated females who were adversely affected by Defendant's unlawful employment practices. As alleged with greater particularity in paragraph 7, below, the Commission alleges that since at least May 28, 2008, Defendant has condoned and/or maintained a sexually hostile work environment at its Harvard Road store in Cleveland, Ohio. As a result of Defendant's maintenance of the

sexually hostile environment, Regina Billups and a class of female employees have been deprived of equal employment opportunities and suffered emotional distress damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, ("Commission"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f) (1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Dave's Supermarkets, Inc. ("Employer") has continuously been a corporation doing business in the State of Ohio and the City of Cleveland and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701 (b), (g) and (h) of Title VII, 42 U.S.C. § 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to institution of this lawsuit, Regina Billups filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this suit have been fulfilled.

7. Since at least May 28, 2008, Defendant Employer has engaged in unlawful employment practices in Cleveland, Ohio, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2, as follows:

    a) Beginning on May 28, 2008 and continuing thereafter, Ms. Billups was subjected to unwanted sexually explicit comments and sexual behavior from Defendant's Meat Department Manager, Jugo Vidic. The sexually offensive conduct included sexual advances, sexual comments and unwelcome touching.

    b) Shortly after Vidic began sexually harassing her, Ms. Billups reported his behavior to Defendant's Owner and members of its management team. However, Defendant Employer failed to take prompt and effective corrective action in response to Ms. Billups complaint.

    c) Vidic's pattern of sexual harassment culminated in the constructive discharge of Regina Billups.

    d) Upon information and belief, Vidic engaged in similar patterns of sexual harassment against other females in Defendant's employ. This conduct included, but was not limited to, sexual advances, offensive sexual language, and exposing himself to female employees.

e) Vidic's pattern of sexual harassment also led to the constructive discharges of members of a class of similarly situated females.

f) The female class members opposed the manager's conduct.

g) Defendant Employer knew or should have known of Vidic's open and notorious pattern of sexual harassment against Regina Billups and other female employees, but failed to take prompt and effective corrective action to prevent and eradicate the sexual harassment exhibited by Vidic.

8. The effect of the practice(s) complained of above has been to deprive Regina Billups and a class of similarly situated females of equal employment opportunities and otherwise affect their status as employees because of their sex.

9. The unlawful practices complained of above were intentional.

10. The unlawful employment practices complained of above were and are taken with malice and/or reckless indifference to the federally protected rights of Regina Billups and a class of similarly situated females.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating against females by the creation and maintenance of a sexually hostile work environment. .

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for persons regardless of

sex and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendant Employer to make whole Regina Billups and similarly situated females by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

    D.    Order Defendant Employer to make whole Regina Billups and similarly situated females by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be proven at trial.

    E.    Order Defendant Employer to make whole Regina Billups and similarly situated females by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above in amounts to be proven at trial.

    F.    Order Defendant Employer to pay punitive damages for its malicious and reckless conduct described herein above in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
131 M Street, NE
Washington, D.C. 20507

*Debra Lawrence*
Debra M. Lawrence
Acting Regional Attorney

*Donna L. Williams-Alexander*
Donna L. Williams-Alexander
Senior Trial Attorney
Registration No. 0037838
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Cleveland Field Office
AJC Federal Office Building
1240 East Ninth Street, Suite 3001
Cleveland, Ohio 44199
(216) 522-7454
(216) 522-7430 fax
Donna.Williams-Alexander@eeoc.gov